UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON WARD                                               CIVIL ACTION

VERSUS

AMERICAN MULTI-CINEMA, INC.                 NO.:17-00593-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion for Summary Judgement (Doc. 16)** filed by American Multi-Cinema, Inc. ("AMC"). Plaintiff Aaron Ward filed an opposition (Doc. 21), and Defendant filed a reply. (Doc. 26). For the following reasons, the **Motion for Summary Judgement (Doc. 16) is GRANTED**.

I.  BACKGROUND

This is a slip-and-fall case. The facts taken in the light most favorable to Plaintiff are as follows. Plaintiff and his fiancée walked into an AMC movie theatre in Baton Rouge, Louisiana on the evening of Saturday, April 23, 2016. (Doc. 16-5 at 36:19–37:12). After buying a ticket, Plaintiff and his fiancée walked toward one of the movie theatres, and Plaintiff saw a female AMC employee mopping. *Id.* at 40:22–42:11 and Video at 6:42-6:55.[1] The employee was mopping up a soda with ice that had spilled on the floor. (Doc. 16-9 at 45:5-46:21). As Plaintiff walked toward the employee, he saw three cone-shaped yellow wet floor signs in a triangle formation

---

[1] Plaintiff conventionally filed AMC's surveillance video of the incident. (Doc. 28).

1

Jury

surrounding the area being mopped. (Doc. 16-5 at 46:11-47:3; 16-6).[2]

Plaintiff walked "a little bit" to the left of the wet floor signs to avoid them. (Doc. 16-5 at 42:11-20). As he walked past the signs and the employee mopping, Plaintiff fell. *Id.* at 42:11-43:5. Plaintiff did not see any water on the floor before he fell because he was focused on finding the correct theatre. *Id.* at 58:14–18. After he fell, however, Plaintiff saw "a little standing water" where he fell. *Id.* at 54:23–56:1. Plaintiff remembered falling about a foot away from the wet floor signs. *Id.* at 57:12–16). His fiancée testified that he fell "maybe a foot or two" from the nearest wet floor sign. (Doc. 16-7 at 17:11–15). She also said that the AMC employee was mopping "sloppily" and "she was sloshing water everywhere." *Id.* at 13:16-19. Plaintiff later learned that he tore his meniscus, and he had surgery to repair it. (Doc. 16-5 at 67:6-8).

Plaintiff then sued Defendant in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana on April 24, 2017. (Doc. 1-3 at p. 3–8). Defendant removed the action to this Court, invoking the Court's diversity jurisdiction. (Doc. 1 at ¶ 4). Plaintiff claims that the Defendant is liable for damages because Defendant "failed to provide proper notice of the hazardous area" because the warning signs were placed three to four feet away from the spill. (Doc. 1-3 at p. 5–6). Defendant also claims that Defendant, "created a hazardous condition, that resulted in an unreasonable risk of harm" by having their employee mopping in a manner that allowed for water to accumulate outside of the coned area. *Id.* Lastly, Plaintiff

---

[2] Plaintiff initially recalled seeing two or three warning signs, (Doc. 16-5 at 42:11-13), but when shown a photo of the area where he fell, confirmed that there were three cones. *Id.* at 46:11-15; 16-6.

asserts that Defendant failed to use "reasonable care" and to warn patrons of the new spill that was caused by their employees mopping. *Id.*

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## III. DISCUSSION

Under Louisiana Law, a plaintiff seeking damages against a merchant because of a fall on their premises has the burden of proving that a condition on the premises presented: (1) an unreasonable risk of harm; (2) that this harm was reasonably foreseeable; (3) that the merchant either created or had actual or constructive notice of the condition and; (4) that the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). A plaintiff must establish all of the elements in order to succeed on this claim. *See White v. Walmart Stores, Inc.*, 669 So. 2d 1081, 1086 (La. 1997).

Assuming that the wet floor created an unreasonable risk of harm that was reasonably foreseeable and that AMC had actual or constructive notice of the water,

3

the Court concludes that AMC nonetheless exercised reasonable care. A merchant does not create an unreasonable risk of harm when it uses signs to warn patrons that a floor is wet. *See Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 516 (La. Ct. App 2007); *Lee v. Ryan's Family Steak Houses, Inc.*, 960 So. 2d 1042, 1047 (La. Ct. App. 2007). For instance, in *Melancon*, the court held that "Popeye's exercised reasonable care by placing two different 'wet floor' signs to alert customers that the floor had been mopped." 59 So. 3d at 516.

Likewise, even the facts in the light most favorable to Plaintiff show that AMC exercised reasonable care by placing three yellow wet floor signs on the floor to alert customers that the floor was wet. (Doc. 21). Plaintiff contends that because he fell on standing water that extended three to four feet away from the wet floor signs, that AMC's signage was insufficient. (Doc. 21 at p. 3). It is unclear, however, why Plaintiff contends that he fell three to four feet from the wet floors signs. In his own deposition, Plaintiff testified that water extended only about one foot from one of the warning cones, (Doc. 16-5 at 57:12–16), and his fiancée testified that Plaintiff fell "maybe a foot or two" from the nearest wet floor sign. (Doc. 16-7 at 17:15). Because Plaintiff fell only about a foot or two from a yellow wet floor sign, the Court concludes that AMC exercised reasonable care to alert customers of a potentially wet floor. Plaintiff does not cite, nor is the Court aware of any case that holds signage is unreasonable if water is slightly outside of a wet floor sign. Although the Court sympathizes with Plaintiff's injuries, the Court grants Defendant's motion for summary judgment.

## IV. CONCLUSION[3]

The Court is bound by the Louisiana Merchant Liability Statute, which requires a Plaintiff to show that the merchant failed to exercise reasonable care. Because Plaintiff admittedly fell within only a foot or two of a wet floor sign, the Court must grant summary judgment for the Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgement (Doc. 16)** is **GRANTED**

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 23rd of July, 2018

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] Local Civil Rule 56(b) requires "[e]ach copy of the papers opposing a motion for summary judgment [to] include a separate, short and concise statement of the material facts as to which the opposition contends there is a genuine issue to be tried." Plaintiff failed to file the required statement. Thus, the Court, in its discretion, could deem all facts in Defendant's Statement of Uncontested Material Facts (Doc. 16-2) admitted. Nonetheless, the Court examined the entire record filed in this case.