UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON WARD                                                      CIVIL ACTION

VERSUS

AMERICAN MULTI-CINEMA, INC.                    NO.: 17-00593-BAJ-RLB


RULING AND ORDER

Before the Court is Plaintiff Aaron Ward's **Motion for Leave to File Notice of Appeal (Doc. 33)** from this Court's judgment dismissing his premises-liability claims. For the reasons that follow, the **Motion (Doc. 33)** is **DENIED**.

I.      BACKGROUND

Plaintiff's motion presents the question whether counsel's misuse of the CM/ECF system qualifies as "excusable neglect" justifying an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A). The Court holds that it does not.

The Court entered judgment against Plaintiff on July 24, 2018. (Doc. 30). Plaintiff's notice of appeal was due 30 days later—on August 24, 2018. *See* FED. R. APP. P. 4(a)(1)(A). Plaintiff failed to timely file a notice of appeal; he instead moved for leave to file an untimely notice of appeal on August 30, 2018, six days after the Rule 4(a)(1)(A) deadline expired. (Doc. 33).

1

Plaintiff faults the Court's CM/ECF system for his tardy filing. (Doc. 33-1). He asserts that his counsel timely paid for his notice of appeal and that the CM/ECF system failed to credit the payment by placing the notice of appeal on the electronic docket of this case. (*Id.*). Plaintiff attaches as an exhibit to his motion a Pay.gov receipt showing a $505 payment made on August 9, 2018. (Doc. 33-3). Plaintiff does *not* assert that he received a notice of electronic filing issued by CM/ECF in connection with the payment. Nor does Plaintiff acknowledge the possibility that his counsel—rather than the Clerk of Court or the CM/ECF system—erred when he tried to pay for and file the notice of appeal.

## II.   LEGAL STANDARD

The Court may extend the time for filing a notice of appeal if Plaintiff so moves within 30 days after the Rule 4(a)(1)(A) period expires and Plaintiff shows "excusable neglect" or "good cause." FED. R. APP. P. 4(a)(5)(A).

## III.   DISCUSSION

Plaintiff moved to extend the time for filing his notice of appeal on August 30, 2018, within 30 days after the Rule 4(a)(1)(A) period expired. (Doc. 33). So he is entitled to an extension if he can show "excusable neglect." *See* FED. R. APP. P. 4(a)(5)(A).[1]

---

[1] The "excusable neglect" standard—rather than the "good cause" standard—applies because Plaintiff's need for an extension was "occasioned by something within [his] control[.]" *See* Advisory Committee Note to FED. R. APP. P. 4, 2002 Amendments.

2

To decide if Plaintiff has shown "excusable neglect," the Court considers (1) the danger of prejudice to American Multi-Cinema, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, and (4) whether Plaintiff acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993).

The first, second, and fourth factors are neutral. Plaintiff moved for leave to file a notice of appeal six days late, so the length of delay and danger of prejudice are small. And no one asserts that Plaintiff failed to act in good faith.

But the third factor—the reason for the delay—disfavors a finding of excusable neglect. The reason for the delay is Plaintiff's counsel's misuse of the Court's electronic filing system—a system with which counsel certified he was familiar when he registered for a CM/ECF username. *See* CM/ECF Registration Form, *available at* http://www.lamd.uscourts.gov/case-info-cm-ecf-case-info. Counsel even "acknowledge[d] it is [his] responsibility to understand how to electronically file via the CM/ECF system." [2] *Id.*

Had counsel read the Middle District of Louisiana's publicly-available tutorial on CM/ECF, he would have known that *paying* for a notice of appeal is not the same as *filing* one.[3] That is because "[o]nce the payment has been successfully completed,

---

[2] Counsel has participated in the Court's electronic filing system since he enrolled in this case on October 13, 2017. (Doc. 7). He filed six documents using the system before the Court entered the judgment from which Plaintiff seeks to appeal. (Docs. 7, 11, 14, 20, 21, 22).

[3] Troublingly, counsel repeatedly represents that he "filed" Plaintiff's notice of appeal on August 9, 2018. (Docs. 33 at p.1; 33-1 at p.1, ¶1; 33-1 at p.1, ¶2; 33-1 at p.2, ¶2; 39 at p.1, ¶1; 39 at p.1, ¶2). He did not; the electronic docket confirms that nothing was filed on August 9, 2018.

users will automatically return to the filing process." Middle District of Louisiana Administrative Procedures for Filing Pleadings, § (I)(H)(3). Counsel evidently failed to complete the "filing process" after submitting payment because the electronic docket does not show a notice of appeal filed on August 9, 2018. Had Plaintiff filed a notice of appeal on the date he alleges his counsel paid for one, the electronic docket would so reflect.

Equally inexcusable is counsel's reliance on a Pay.gov receipt as proof of filing. The Court's publicly-available tutorial on CM/ECF explains that "[e]electronically filed documents will be deemed to be filed as of the date and time stated on the *Notice of Electronic Filing* issued by the system." Middle District of Louisiana Administrative Procedures for Filing Pleadings, § (I)(B)(3) (emphasis added). In short, no notice of electronic filing, no filing.

Counsel should have realized he made a filing error when he did not immediately receive a notice of electronic filing and his notice of appeal did not immediately appear on the Court's electronic docket. *See* Local Civil Rule 5(b) ("[T]he electronic record shall be the official record of the Court."). And counsel could have contacted the Office of the Clerk of Court any time between August 9, 2018 (the date of alleged payment) and August 24, 2018 (the filing deadline) to confirm that he had properly filed Plaintiff's notice of appeal.

Counsel's misapprehension of the rules governing electronic filing does not satisfy the "excusable neglect" standard. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998). In fact, the United States Court of Appeals for the Fifth

Circuit has held that a district court abuses its discretion if it finds "excusable neglect" based on counsel's misreading of a clear rule. *See Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998). And federal courts nationwide have held that misuse of the CM/ECF system does not qualify as "excusable neglect" that justifies a tardy filing. *See, e.g., Gilyeat v. Morales*, No. 13-2496-JTM, 2014 WL 3853426, at *3 (D. Kan. Aug. 6, 2014); *Armstrong v. The Cadle Co.*, No. 05-60359-CIV-COHN, 2006 WL 894914, at *4 (S.D. Fla. Apr. 3, 2006).

Having considered the *Pioneer* factors, the Court concludes that Plaintiff has not shown "excusable neglect" justifying an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A).

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff Aaron Ward's **Motion for Leave to File Notice of Appeal (Doc. 33)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of February, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**